Pamela D. Weiss, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 793-2200
Facsimile:  (907) 793-2299
E-mail: pweiss@guessrudd.com

Attorneys for Swiss Re

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

-------------------------------------------------------------

SWISS RE CORPORATE SOLUTIONS )
CAPACITY INSURANCE CORPORATION )
as successor by merger with NORTH )
AMERICAN CAPACITY INSURANCE )
COMPANY, )
                                )
               Plaintiff, )
                                )      Case No.: 3:26-cv-__
                                )
       v. )
                                )
GASLIGHT LOUNGE, INC., )
                                )
             Defendant. )

-------------------------------------------------------------

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SWISS RE CORPORATE SOLUTIONS CAPACITY INSURANCE CORPORATION as successor by merger with NORTH AMERICAN CAPACITY INSURANCE COMPANY (hereinafter "Swiss Re"), by its counsel, Guess & Rudd P.C., files this Complaint for Declaratory Judgment against GASLIGHT LOUNGE, INC. ("Gaslight") and in support thereof, alleges as follows:

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 1 of 16

## Nature of the Action

1.     Swiss Re brings this insurance coverage action against Gaslight pursuant to 28 U.S.C. § 2201 and §2202, seeking a declaration that $200,000 is the maximum limit of insurance available under a policy of insurance issued by Swiss Re to Gaslight in connection with a lawsuit filed against Gaslight alleging Gaslight is liable for the death of Carl M. McGeary ("McGeary") outside the Gaslight Lounge located at 721 W. 4th Avenue, Anchorage, Alaska 99501 ("the Bar").

## Parties

2.     Swiss Re is a Missouri insurance company with its principal place of business located in Kansas City, Missouri.

3.     Gaslight is an Alaska corporation with its principal place of business located in Anchorage, Alaska.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties.

5.     An actual case and controversy of a justiciable nature exists between the parties involving the rights and obligations under a policy of insurance issued by Swiss Re to Gaslight.

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 2 of 16
Case 3:26-cv-00277-SLG     Document 1     Filed 07/23/26     Page 2 of 16

6.      Venue is proper under 28 U.S.C. §1391(a) and 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and because Gaslight resides in this judicial district.

## Factual Background

## The Underlying Lawsuit

7.      On June 7, 2022, Neoma Crockroft, as Personal Representation for the Estate of Carl M. McGeary ("the Estate") filed a lawsuit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage seeking damages arising out of the death of McGeary outside the Bar on January 22, 2022. That lawsuit is pending under case no. 3AN-22-0650CI and is referred to herein as the "Underlying Lawsuit." A true and correct copy of the operative complaint in the Underlying Lawsuit ("the Complaint") is attached hereto as **Exhibit A.**

8.      The Complaint alleges McGeary was a patron of the Bar owned and operated by Gaslight. *See* Ex. A at ¶¶ 6-9.

9.      The Complaint alleges Gaslight served alcohol to McGeary and George Murfitt ("Murfitt"), another patron of the Bar. *See* Ex. A at ¶¶ 5, 10-11.

10.     The Complaint alleges that on or about January 22, 2022, Murfitt negligently and/or recklessly and/or intentionally mishandled McGeary and/or used excessive force on him outside the Bar when Murfitt punched McGeary causing his head to strike the ground. *See* Ex. A at ¶¶ 14-16.

11. The Complaint alleges Gaslight's employees knew or should have known about an altercation involving McGeary and Murfitt but failed to intervene or, alternative, had inadequate security. *See* Ex. A at ¶¶ 18-19.

12. The Complaint alleges Gaslight negligently and/or recklessly and/or intentionally served alcohol to one or more visibly drunken people and/or in violation of Gaslight's liquor license on or about January 21, 2022, and January 22, 2022, which was a substantial factor in causing injury and death to McGeary. *See* Ex. A at ¶ 21.

13. The Complaint alleges Gaslight's illegal furnishment of alcohol to McGeary and/or Murfitt and/or others involved in the altercation with McGeary and/or others who failed to render aid to McGeary was a substantial factor in causing injury and death to McGeary. *See* Ex. A at ¶ 22.

14. The Complaint alleges Gaslight negligently and/or recklessly hired and/or trained and/or supervised and/or retained one or more employees which was a substantial factor in causing injury and death to McGeary. *See* Ex. A at ¶ 33

15. The Complaint demands compensatory and punitive damages against Gaslight based on theories of negligence and reckless disregard and/or outrageous conduct.

16. On June 24, 2025, Gaslight filed a third-party complaint in the Underlying Lawsuit against Murfitt and Fish Or Cut Bait, LLC d/b/a Williwaw Social ("Williwaw"). A true and correct copy of the third-party complaint in the Underlying Lawsuit ("the TPC") is attached hereto as **Exhibit B.**

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 4 of 16
Case 3:26-cv-00277-SLG    Document 1    Filed 07/23/26    Page 4 of 16

17.     The TPC alleges that on January 22, 2022, at approximately 2:58 a.m., McGeary was brutally assaulted by Murfitt outside the Bar. *See* Ex. B at ¶ 4.

18.     The TPC alleges the force with which Murfitt struck McGeary was sufficient to knock McGeary to the ground and render him unconscious. *See* Ex. B at ¶ 5.

19.     The TPC alleges that on January 23, 2022, a formal brain death examination demonstrated clinical brain death. *See* Ex. B at ¶ 6.

20.     The TPC alleges McGeary's death was classified as a homicide and that a January 27, 2022, autopsy performed on McGeary revealed the following cause of death: hypoxic ischemic encephalopathy, right sided hematoma and brain contusions, blunt impact of head following fall during altercation. *See* Ex. B at ¶ 6.

21.     The TPC seeks equitable apportionment of fault against Williwaw and/or Murfitt for any damages that may be awarded against Gaslight in the Underlying Lawsuit.

### **The Policy**

22.     Swiss Re issued liability insurance policy no. 88G33000009-00 to Gaslight for the policy period of November 1, 2021 to November 1, 2022 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit C**.

23.     The declarations page of the Policy states that the limits of insurance for commercial general liability coverage are $1,000,000 per occurrence, subject to a $2,000,000 aggregate.

24.     The declarations page of the Policy states that the limits of insurance for liquor liability coverage are $1,000,000 each common cause, subject to a $1,000,000 aggregate.

25. The declarations page of the Policy states that the limits of insurance for assault and battery liability coverage are $100,000 for commercial general liability coverage each occurrence, $100,000 for liquor liability each common cause, and subject to a combined general liability and liquor liability aggregate of $200,000.

26. For coverage under the general liability coverage portion of the Policy, the Policy provides that Swiss Re "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and that the Policy applies to "bodily injury" and "property damage" only if "the 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'."

27. For coverage under the liquor liability coverage portion of the Policy, the Policy provides that Swiss Re "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage."

28. The Policy defines the term "injury" to mean "damages because of 'bodily injury' and 'property damage', including damages for care, loss of services or loss of support."

29. The Policy defines the term "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 6 of 16
Case 3:26-cv-00277-SLG     Document 1     Filed 07/23/26     Page 6 of 16

30. The Policy defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

31. The Policy is amended by an endorsement that adds an assault and battery exclusion. The Exclusion – Assault & Battery Endorsement (NAC-GB-R212 (02/14)) states as follows:

**This endorsement modifies insurance provided under the following:**

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

A. COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, a. Expected or Intended Injury and LIQUOR LIABILITY COVERAGE PART, SECTION I - LIQUOR LIABILITY COVERAGE, 2. Exclusions, a. Expected or Intended Injury are replaced by the following:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

B. The following exclusion is added as an item to the COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions; COVERAGE C, MEDICAL PAYMENTS, 2. Exclusions, and to the LIQUOR LIABILITY COVERAGE PART, SECTION I - LIQUOR LIABILITY COVERAGE, 2. Exclusions:

This insurance does not apply to claims or "suits" to recover damages for "bodily injury," or "property damage," "personal and advertising injury," or medical payments arising from any of the following acts, allegations, or causes of action:

1. Assault;

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 7 of 16
Case 3:26-cv-00277-SLG    Document 1    Filed 07/23/26    Page 7 of 16

2. Battery;
3. Harmful or offensive contact between or among two or more persons;
4. Apprehension of harmful or offensive contact between or among two or more persons;
5. Threats by words or deeds;
6. Unlawful restraint or false imprisonment;
7. Negligent hiring or retention of any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
8. Failure to supervise or train any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
9. Negligent entrustment resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
10. Negligent rescue in the aiding or failing to aid any person from any act or allegation of any act identified in 1-6 above, even if the rescue was an independent cause of harm or alleged to be;
11. Negligent maintenance of the premises resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
12. Any actual or alleged failure to prevent, halt, or bar any act identified in 1-6 above, or
13. Indemnity for any act identified in 1-6 above.

The above acts, allegations, or causes of action shall not be deemed an "occurrence" and we have no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:

1. Whether damages sought are for "bodily injury," "property damage," "personal injury," or "advertising injury";
2. The intent or culpability of an insured, an employee, or "third party";
3. Whether the claim, demand, or suit alleges that an insured acted directly or indirectly to cause damage;
4. Whether the claim, demand, or suit alleges that liability is based upon the doctrine of respondent superior;
5. Whether the claim, demand, or suit alleges that the insured trained, instructed, directed, influenced, or controlled its employees or "third parties" in such a manner so as to cause damage or danger;
6. Whether the acts, allegations, or causes of action identified above occurred on or off the insured's jobsite or designated premises or premises owned, occupied, leased or rented by the insured;
7. Whether the claim, demand, or suit alleges that the insured or his officers, employees, or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action listed in Section B, items 1-13 above, or

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 8 of 16

8. Whether or not the claim, demand, or suit alleges indemnity is owed pursuant to a contract.

C. This exclusion also applies to any claims, demands, or suits by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded by Section B, items 1-13 above.

D. This exclusion applies to all damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs and fees.

32. The Exclusion – Assault & Battery Endorsement defines the term "third party" to include "agents, independent contractors, sub-contractors, patrons, customers, lessors or lessees, security personnel, or any other persons lawfully or unlawfully on the insured's designated premise."

33. Murfitt, an alleged patron of the Bar who punched McGeary and caused his injuries and resulting death, qualifies as a "third party" as that term is defined in the Policy.

34. The Policy is amended by a Limited Assault & Battery Coverage Endorsement (NAC-GB-R302 (02/14)). The Limited Assault & Battery Coverage Endorsement provides as follows:

**This endorsement modifies your policy under the following:**

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

In consideration of the additional premium paid, we agree to afford coverage as stated below:

A. The specific coverage excluded under NAC-GB-R212 (02/14) is reinstated subject to the following terms, conditions and the limits of insurance stated below.

1. We will pay no more than the applicable limit set forth below for sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" for coverage excluded under NAC-GB-R212 (02/14). The applicable limit in this form is the most we will pay regardless of:

   i.   The amount of any demand for indemnity;
   ii.  The number of insureds;
   iii. The number of claims or "suits" brought against you, or
   iv.  The limits stated in the Declarations.

B. Limits:

Commercial General Liability
Assault & Battery Each "Occurrence" Limit          $100,000

Liquor Liability
Assault & Battery Each "Common Cause" Limit        $100,000

"Combined Assault & Battery Aggregate Limit"
    $200,000

The limits above are not in addition to the limits stated in the Declarations. However, any indemnity payment made pursuant to this endorsement will reduce the applicable Limit of Insurance shown in the Declarations.

The "Combined Assault & Battery Aggregate Limit" is the most we will pay for coverage under this endorsement regardless of the number of claims or "suits" brought against you arising out of more than one "occurrence" and/or "common cause."

"Common Cause" means any claim, demand, or "suit" for injuries sustained by one or more persons as a result of the providing of alcoholic beverages.

All other terms, conditions, exclusions, limitations and definitions of this policy remain in full force and unchanged.

**<u>Swiss Re Agrees to Provide a Defense Subject to Reservation of Rights</u>**

35.     Gaslight reported the Underlying Lawsuit to Swiss Re under the Policy.

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 10 of 16

36. By letter dated February 7, 2022, Swiss Re acknowledged notice of the Underlying Lawsuit and agreed to provide a defense to Gaslight in the Underlying Lawsuit, subject to a reservation of rights.

37. The February 7, 2022, reservation of rights letter advised Gaslight of the Exclusion – Assault & Battery Endorsement and the Limited Assault & Battery Coverage Endorsement, including that coverage for the Underlying Lawsuit was limited to the $100,000 Assault & Battery Each "Occurrence" Limit of the Policy and/or the $100,000 Assault & Battery Each "Common Cause" Limit of the Policy and further subject to the "Combined Assault & Battery Aggregate" Limit of $200,000 of the Policy.

38. Gaslight disputes that the Exclusion – Assault & Battery Endorsement and the Limited Assault & Battery Coverage Endorsement in the Policy apply to limit coverage available to Gaslight for the Underlying Lawsuit under the Policy.

### COUNT I

**Declaratory Judgment – The $200,000 Combined Assault & Battery Aggregate Limit under the Limited Assault & Battery Coverage Endorsement is the Maximum Indemnity Coverage Available to Gaslight for the Underlying Lawsuit (Exclusive of Interest and Attorney's Fees)**

39. Swiss Re repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

40. The Policy's Exclusion – Assault & Battery Endorsement excludes coverage for claims or "suits" to recover damages for "bodily injury" arising from enumerated acts, allegations or causes of action, including but limited to assault, battery, harmful or

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 11 of 16
Case 3:26-cv-00277-SLG    Document 1    Filed 07/23/26    Page 11 of 16

offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds.

41. The Policy's Exclusion – Assault & Battery Endorsement further excludes coverage for, *inter alia,* claims or "suits" to recover damages for "bodily injury" arising from (1) negligent hiring or retention of any employee resulting in or pertaining to any act or allegations of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds, (2) the failure to supervise or train any employee resulting in or pertaining to any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds; (3) negligent rescue in the aiding or failing to aid any person from any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds; (4) negligent maintenance of the premises resulting in or pertaining to any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds; and (5) any actual or alleged failure to prevent, halt or bar any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 12 of 16
Case 3:26-cv-00277-SLG   Document 1   Filed 07/23/26   Page 12 of 16

harmful or offensive contact between or among two or more persons, or threats by words or deeds.

42. The Policy's Exclusion – Assault & Battery Endorsement further states that Swiss Re owes no obligation with respect to the acts, allegations or causes of action identified in Paragraphs 41 and 42 above, and as set forth in the full in the Exclusion – Assault & Battery Endorsement, regardless of the degree of culpability or intent, and without regard to (1) whether the damages sought are for "bodily injury," "property damage," "personal injury" or "advertising injury;" (2) the intent or culpability of an insured, an employee, or a "third party;" (3) whether the claim, demand or suit alleges that liability is based upon the doctrine of respondeat superior, (4) whether the claim, demand or suit alleges that an insured trained, instructed, directed, influenced or controlled its employees or "third parties" in such a manner so as to cause damage or danger, (5) whether the acts, allegations or causes of action occurred on or off the insured's jobsite or designated premises or premises owned, occupied, leased or rented by the insured; (6) whether the claim, demand or suit alleges that the insured or his officers, employees or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation or cause of action of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds.

43. The Policy's Exclusion – Assault & Battery Endorsement further states that it applies to any claims, demands or suits by any other person, firm, estate, entity or

organization asserting rights derived from or contingent upon any person asserting a claim excluded by the Exclusion – Assault & Battery Endorsement, and applies to all damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs and fees.

44. The Policy's Limited Assault & Battery Coverage Endorsement reinstates coverage for claims or "suits" to recover damages for "bodily injury" arising from the acts, allegations or causes of action excluded by the Exclusion – Assault & Battery Endorsement, regardless of (1) the amount of any demand for indemnity, (2) the number of insureds and (3) the limits stated in the Policy's Declarations.

45. The Underlying Lawsuit alleges Murfitt – a "third party" under the Exclusion – Assault & Battery Endorsement – punched McGeary outside the Bar causing McGeary to strike his head on the ground and subsequently resulting in McGeary's death.

46. The Underlying Lawsuit alleges McGeary's death was classified as a homicide and that a January 27, 2022, autopsy performed on McGeary revealed the following cause of death: hypoxic ischemic encephalopathy, right sided hematoma and brain contusions, blunt impact of head following fall during altercation.

47. On June 19, 2024, Murfitt was convicted of manslaughter in Alaska Superior Court Case No. 3AN-22-00732CR.

48. The Underlying Lawsuit alleges claims against Gaslight to recover for "bodily injury" arising from the acts, allegations or causes of action identified in the Exclusion – Assault & Battery Endorsement.

49. The Limited Assault & Battery Coverage Endorsement applies to the Underlying Lawsuit and the $200,000 "Combined Assault & Battery Aggregate" Limit of the Policy applies and is the maximum amount of insurance available to Gaslight under the Policy for the Underlying Lawsuit (exclusive of any interest and attorney's fees under Alaska R. Civ. Proc. 82).

50. Gaslight have refused to acknowledge that the Policy's $200,000 "Combined Assault & Battery Aggregate" Limit is the maximum limit of insurance available with respect to the Underlying Lawsuit.

51. An actual and justiciable controversy has arisen between Swiss Re on the one hand, and Gaslight on the other, concerning the obligations and scope of coverage available under the Policy with regard to the Underlying Lawsuit.

52. A judicial declaration is necessary and appropriate at this time so Swiss Re can ascertain the extent of its indemnity obligation under the Policy with respect to the Underlying Lawsuit. A judicial declaration of the parties' rights and obligations under the Policy will obviate further disputes and terminate the uncertainty and controversy which has given rise to this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Swiss Re respectfully requests judgment as follows:

(1) Declaring the Parties' rights and obligations under the Policy issued to Gaslight;

(2) Declaring that the Limited Assault & Battery Coverage endorsement in the Policy applies to the Underlying Lawsuit;

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 15 of 16
Case 3:26-cv-00277-SLG     Document 1     Filed 07/23/26     Page 15 of 16

(3) Declaring that the $200,000 "Combined Assault & Battery Aggregate" Limit set forth in the Policy's Limited Assault & Battery Coverage Endorsement is the maximum limit of insurance available to Gaslight for Underlying Lawsuit (exclusive of any interest and attorney's fees); and

(4) For such other and further relief as this Court may deem just and equitable.

DATED at Anchorage, Alaska, this 23rd day of July, 2026.

GUESS & RUDD P.C.

Attorneys for Swiss Re Corporate Solutions Capacity Insurance Corporation as successor by merger with North American Capacity Insurance Company

By:    s/Pamela D. Weiss
         Pamela D. Weiss
         Alaska Bar No. 0305022

Complaint for Declaratory Judgment
Swiss Re v. Gaslight Lounge, Inc; Case No. 3:26-cv-_____
Page 16 of 16